**EXHIBIT A**

<u>Proposed Order</u>

(Attached)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CYPRUS MINES CORPORATION,[1] | Case No. 21-10398 (LSS) |
| Debtor. | **Re: Docket No. ____** |

**ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
REED SMITH LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-
POSSESSION, *NUNC PRO TUNC* AS OF THE PETITION DATE, PURSUANT
TO 11 U.S.C. § 327(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

Upon the *Debtor's Application to Retain and Employ Reed Smith LLP, as Counsel to the Debtor and Debtor-in-Possession,* Nunc Pro Tunc *as of the Petition Date, Pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014* (the "Application");[2] and the Court having reviewed the Application, the Singer Declaration, and the Baker Declaration; and having heard the statements of counsel at the hearing on the Application; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) notice of the Application and the hearing thereon was sufficient under the circumstances; (iii) Reed Smith does not hold or represent any interest materially adverse to the Debtor's estate and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code; and (iv) the legal and factual bases set forth in the Application, the Singer Declaration, and the Baker Declaration establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is **GRANTED** as set forth herein.

---

[1]     The last four digits of the Debtor's taxpayer identification number are 0890.  The Debtor's address is 333 North Central Avenue, Phoenix, AZ 85004.

[2]     Capitalized terms used but not defined in this order have the meanings given in the Application.

2.      The Debtor is authorized to retain and employ Reed Smith as its counsel in this Chapter 11 Case, in accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) *nunc pro tunc* to the Petition Date.

3.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4.      Reed Smith shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders or procedures of the Court.

5.      Reed Smith shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court.  Reed Smith also shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this Application and the interim and final fee applications to be filed by Reed Smith in the Chapter 11 Case.

6.      Reed Smith shall file a supplement to the Singer Declaration as necessary to reflect any changes in the billing rates of its attorneys, and parties-in-interest shall have a period of ten (10) days to file a written objection to any such changes.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      The Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.