**EXHIBIT A**

<u>Proposed Order</u>

(Attached)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CYPRUS MINES CORPORATION,[1] | Case No. 21-10398 (LSS) |
| Debtor. | Re:  Docket No. ___ |

### ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF

Upon the *Debtor's* Amended *Motion for Entry of an Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Amended Motion");[2] filed by the above-captioned debtor (the "Debtor"); and the Court having reviewed the Amended Motion and the First Day Declaration; and having heard the statements of counsel at the hearing on the Amended Motion; and the Court finding that:  (i) the Court has jurisdiction over the Debtor, its estate, property of the estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A); (iv) venue of the Amended Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Amended Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Amended Motion is in the best interests of the Debtor and its estate; and (vii) the legal and factual bases set

---

[1] The last four digits of the Debtor's taxpayer identification number are 0890.  The Debtor's address is 333 N. Central Ave., Phoenix, AZ 85004.

[2] Capitalized terms used but not defined in this order have the meanings given in the Amended Motion.

forth in the Amended Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Amended Motion is **GRANTED** as set forth herein.

2.      Except as otherwise provided herein, all Entities, including, without limitation, individuals, partnerships, Corporations (as defined in section 101(9) of the Bankruptcy Code), joint ventures, and trusts, that assert a claim against the Debtor that arose prior to the Petition Date, including unpaid 503(b)(9) Claims, shall file a written proof of such claim that substantially conforms to Official Form 410 or the form attached hereto as **Exhibit 2** (the "Proof of Claim Form") so as to be ***actually received*** by the Claims and Noticing Agent **on or before June 22, 2021, at 5:00 p.m. (Eastern Time)** (the "General Bar Date").

3.      Except as otherwise provided herein, all Governmental Units that assert a claim against the Debtor that arose prior to the Petition Date shall file a written proof of such claim that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be ***actually received*** by the Claims and Noticing Agent **on or before August 10, 2021, at 5:00 p.m. (Eastern Time)**, which is one hundred eighty (180) days after the Petition Date (the "Governmental Bar Date").

4.      Any Entity that holds a claim that arises from the rejection of an executory contract or unexpired lease of the Debtor shall, unless otherwise stated in the order authorizing such rejection, file a written proof of such claim based on such rejection that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be ***actually received*** by the Claims and Noticing Agent on or before the later of:  (i) the General Bar Date;  (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** after service on the affected claimants of notice of the entry of the order approving the rejection of the applicable executory contract or unexpired lease of the

Debtor; (iii) 5:00 p.m. (Eastern Time), on the date that is thirty (30) days after the effective date of such rejection, if rejected pursuant to any rejection procedures approved by order of the Court in this Chapter 11 Case; and (iv) any date that the Court may fix in the applicable order approving such rejection (any such date, the "Rejection Damages Bar Date").

5.     If the Debtor amends or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any amendment or supplement to holders of claims affected thereby, such holders shall file proofs of claim (if any), solely with respect to such claims that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be ***actually received*** by the Claims and Noticing Agent by the later of:  (i) the General Bar Date or the Governmental Bar Date, as applicable; and (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** from the date the notice of the filing, amendment, or supplement is given to the affected claimholder (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

6.     Notwithstanding the foregoing, the following Entities ***are not*** required to file a proof of claim on or before the applicable Bar Date:

    a.    ***any holder of a Talc Personal Injury Claim;***

    b.    ***any holder of an Excluded Governmental Claim;***

    c.    any Entity whose claim is listed in the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    d.    any holder of a claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

    e.    any Entity that is a direct or indirect equity owner of the Debtor;

f.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

g.    any Entity holding a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Debtor's Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410.

7.    For the avoidance of doubt, holders of Talc Personal Injury Claims and Excluded Governmental Claims are **not** required to, and should **not**, file a proof of claim in this Chapter 11 Case.

8.    To be filed properly pursuant to this Order, each proof of claim shall: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) be denominated in United States currency; (iv) conform substantially with Official Form 410 or the Proof of Claim Form; and (v) include supporting documentation.  If supporting documentation is voluminous, a summary of such documentation may be provided instead.  If supporting documentation is unavailable, an explanation as to why such documentation is not available must be provided.

9.    Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted.

10.    Parties who wish to receive proof of receipt of their proof of claim from the Claims and Noticing Agent must include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

11.    Each proof of claim, including supporting documentation, must be submitted so that the Claims and Noticing Agent *actually receives* the proof of claim on or before the applicable

Bar Date by courier service, hand delivery, or United States first-class mail, at the following address:  Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or electronically using the interface available on the Claims and Noticing Agent's website at http://cases.primeclerk.com/cyprusmines.  Proofs of claim sent by facsimile, telecopy, or electronic mail will ***not*** be accepted and will ***not*** be deemed filed.

12.     Any Entity that is required to file a timely proof of claim in the form and manner specified in this Order and that fails to do so on or before the applicable Bar Date, absent order of the Court to the contrary, shall not receive or be entitled to receive any payment or distribution of property in this Chapter 11 Case from the Debtor, its estate, or its successors or assigns with respect to such claim, and, upon a confirmed chapter 11 reorganization plan in this case becoming effective, shall be forever barred from asserting such claim against the Debtor, its estate, or its successors or assigns; provided, however, that a holder of a claim shall be able to assert any undisputed, noncontingent and liquidated claims identified in the Schedules on behalf of such holder, in the amount set forth in the Schedules, and receive distributions under any plan of reorganization or liquidation in this Chapter 11 Case on account of such scheduled claim.

13.     The form of the Proposed Bar Date Notice attached to this Order as **Exhibit 1** and the procedures set forth therein are approved.  Notice of the entry of this Order pursuant to the Proposed Bar Date Notice constitutes good, adequate, and sufficient notice if it is served, together with a Proof of Claim Form and the Proposed Bar Date Notice (collectively, the "Bar Date Package"), by being deposited in the U.S. Mail, first-class postage prepaid, not more than seven (7) business days after the entry of this Order on:  (i) all holders of claims listed in the Schedules, including holders of claims listed as contingent, unliquidated, or disputed, but excluding holders of Talc Personal Injury Claims and Excluded Governmental Claims; (ii) all counterparties to

executory contracts and unexpired leases listed in the Schedules; (iii) the United States Attorney for the District of Delaware; (iv) all Entities that have requested notices pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case as of the date of entry of the Bar Date Order; (v) all known holders of equity securities in the Debtor as of the date of the Bar Date Order; (vi) all other Entities listed on the Debtor's matrix of creditors, excluding holders of Talc Personal Injury Claims and Excluded Governmental Claims; (vii) all parties that have filed proofs of claim in this Chapter 11 Case prior to entry of the Bar Date Order; (viii) any regulatory Entities that, to the Debtor's knowledge, regulate any portion of the Debtor's business, excluding holders of Excluded Governmental Claims; (ix) all parties to litigation with the Debtor or their counsel (if known), excluding holders of Talc Personal Injury Claims; (x) all current employees of the Debtor (if any), and all former employees who left the Debtor's employ within the two years prior to the Petition Date (if any), and whose addresses are known by the Debtor; and/or (xi) counsel to any of the foregoing, if known to the Debtor.

14.    For informational purposes only, the Debtor, through the Claims and Noticing Agent, also shall serve the Bar Date Notice (without a Proof of Claim Form) by U.S. first-class mail, postage prepaid, not more than seven (7) business days after the entry of this Order, to (i) the United States Trustee, (ii) counsel to any official committee appointed in this Chapter 11 Case, including the Tort Claimants Committee, (iii) counsel to any future claimants' representative appointed in this Chapter 11 Case, (iv) the Internal Revenue Service, (v) all other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business, (vi) all environmental authorities listed in the Schedules or Statement of Financial Affairs, and (vii) all known holders of Talc Personal Injury Claims whose addresses are known to the Debtor and their counsel.

15.     After the initial mailing of the Bar Date Packages, the Debtor may, in its sole discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties-in-interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor or its Claims and Noticing Agent for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process.  In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to thirty (30) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

16.     Nothing in this Order shall prejudice the right of the Debtor or any party-in-interest to dispute, or to assert offsets or defenses to, any claim or interest reflected in the Schedules as to amount, liability, classification, or otherwise and to subsequently designate any claim as disputed, contingent, or unliquidated.

17.     Nothing in this Order shall prejudice the Debtor from seeking to move the Court at a later time to establish a bar date for all or certain Talc Personal Injury Claims (including Indirect Talc Personal Injury Claims) or Excluded Governmental Claims.

18.     The Debtor and its Claims and Noticing Agent are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by Order.

19.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**EXHIBIT 1**

<u>Proposed Bar Date Notice</u>

(Attached)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CYPRUS MINES CORPORATION, | Case No. 21-10398 (LSS) |
| Debtor. | |

## NOTICE TO CREDITORS OF DEADLINES FOR FILING PROOFS OF CLAIM

On February 11, 2021 (the "Petition Date"), Cyprus Mines Corporation, the debtor and debtor-in-possession (the "Debtor"), in the above-captioned chapter 11 case (this "Chapter 11 Case"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [●], 2021, the Court entered the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [D.I. [●]] (the "Bar Date Order"), establishing certain deadlines for the filing of proofs of claim (collectively, the "Bar Dates") in this Chapter 11 Case.

Contact information for the Debtor's claims and noticing agent, Prime Clerk LLC (the "Claims and Noticing Agent"), which is available to provide you with additional information regarding this Chapter 11 Case and the filing of a proof of claim, is provided in section 8 below.

### 1.     BAR DATES

Except for the types of claims listed in section 5 below, pursuant to the Bar Date Order, the Court established  (i) **5:00 p.m. (Eastern Time) on June 22, 2021** (the "General Bar Date") as the general deadline for non-governmental entities (including individuals, partnerships, Corporations (as defined in section 101(9) of the Bankruptcy Code), joint ventures, and trusts) and (ii) **5:00 p.m. (Eastern Time) on August 10, 2021**, which is one hundred eighty (180) days after the Petition Date (the "Governmental Bar Date"), as the deadline for Governmental Units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in this Chapter 11 Case.

Additionally, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease of the Debtor, unless otherwise stated in the order authorizing such rejection, is required by the Bar Date Order to file a proof of claim based on such rejection on or before the later of:  (i) the General Bar Date;  (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** after service on the affected claimant of notice of the entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtor; (iii) 5:00 p.m. (Eastern Time), on the date that is thirty (30) days after the effective date of such rejection, if rejected pursuant to any rejection procedures approved by order of the Court in this Chapter 11 Case; and (iv) any date that the Court may fix in the applicable order approving such rejection (any such date, the "Rejection Damages Bar Date").

Furthermore, any person or entity asserting claims against the Debtor's estate that are affected by an amendment or supplement to the Debtor's schedules of assets and liabilities and statement of financial affairs filed in this Chapter 11 Case (collectively, the "Schedules") is required by the Bar Date Order to file proofs of claim with respect to such claims before the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** from the date on which the Debtor provides notice to the affected claimholder of such amendment or supplement (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

## 2.   WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, including any claims arising under section 503(b)(9) of the Bankruptcy Code,[1] you **MUST** file a proof of claim. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain, or did not mature or become fixed, liquidated, or certain before the Petition Date. Except for holders of claims described in section 5 below, the following entities must file proofs of claim on or before the applicable Bar Date: (a) any person or entity (i) whose prepetition claim against the Debtor is not listed in the Schedules, or is listed in the Schedules as "disputed," "contingent," or "unliquidated" and (ii) that desires to participate or share in any distribution in this Chapter 11 Case; and (b) any person or entity that (i) believes that its prepetition claim is improperly classified in the Schedules *or* is listed in an incorrect amount or incorrect priority and (ii) desires to have its claim allowed in a classification or amount or priority other than that identified in the Schedules.

## 3.   WHAT TO FILE

The Debtor is enclosing with this notice a customized proof of claim form (the "Proof of Claim Form") for use in this Chapter 11 Case. Alternatively, you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form 410. If your claim is scheduled by the Debtor, the attached Proof of Claim Form also identifies on its face the amount of your claim, if any, identified in the Schedules. To the extent you disagree with the amount identified in the attached Proof of Claim Form, you may cross out such amount and insert your asserted amount. You will receive a different Proof of Claim Form for each claim the Debtor scheduled in your name. You may utilize the Proof of Claim Form(s) provided by the Debtor to file your claim. Additional proof of claim forms may be obtained, free of charge, by contacting the Claims and Noticing Agent or at the following website: http://www.uscourts.gov/bkforms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof

---

[1] A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtor within 20 days before the Petition Date, provided that the goods were sold to the Debtor in the ordinary course of business.

of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

### 4.   WHEN AND WHERE TO FILE

All proofs of claim must be **actually received on or before the applicable Bar Date** by the Claims and Noticing Agent at the following address:  Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or electronically using the interface available on the Claims and Noticing Agent's website at http://cases.primeclerk.com/cyprusmines.

Proofs of claim will be deemed filed only when **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date.  **Proofs of claim may NOT be delivered by facsimile, telecopy, or electronic mail transmission.**  Any facsimile, telecopy, or electronic mail submission will not be accepted and will not be deemed filed.

Any claimant who wishes to receive proof of receipt of their proof of claim from the Claims and Noticing Agent must include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

### 5.   WHO *NEED NOT* FILE A PROOF OF CLAIM

The following entities, whose claims otherwise would be subject to the Bar Dates, need **not** file proofs of claim:

a.   ***any holder of a Talc Personal Injury Claim (as defined below)***;

b.   ***any holder of an Excluded Governmental Claim (as defined below)***;

c.   any person or entity whose claim is listed in the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

d.   any holder of a claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

e.   any Entity that is a direct or indirect equity owner of the Debtor;

f.   any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

- 3 -

g.      any entity holding a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410.

For purposes of the Bar Date Order and this notice:

(i)      a "**Talc Personal Injury Claim**" is any claim and any future claim or Demand (as defined in section 524(g) of the Bankruptcy Code) against the Debtor or any other protected party, whether known or unknown, including with respect to any manner of alleged bodily injury, death, sickness, disease or alleged disease process, emotional distress, fear of cancer, medical monitoring, or any other alleged injuries or harms (whether physical, emotional or otherwise and whether or not diagnosable or manifested before confirmation of a plan of reorganization or the close of this Chapter 11 Case), directly or indirectly arising out of or relating to the presence of or exposure to talc or talc-containing products in connection with the alleged pre-effective date acts or omissions of the Debtor or any other entity for whose conduct the Debtor has or is alleged to have liability, including, without limitation any claims directly or indirectly arising out of or relating to: (i) any products previously mined, processed, manufactured, sold and/or distributed by the Debtor or any other entity for whose conduct the Debtor has or is alleged to have liability; (ii) any materials present at any premises owned, leased, occupied or operated by any entity for whose products, acts, omissions, business or operations the Debtor has, or is alleged to have, liability; or (iii) any talc in any way connected to the Debtor alleged to contain asbestos or other constituent.[2] *For the avoidance of doubt, the term "Talc Personal Injury Claim" includes, without limitation, Indirect Talc Personal Injury Claims (as defined below)*;

(ii)     an "**Indirect Talc Personal Injury Claim**" is a Talc Personal Injury Claim of any Corporation (as defined in section 101(9) of the Bankruptcy Code), co-defendant of the Debtor, or predecessor of the Debtor for contribution, reimbursement,

---

[2] Talc Personal Injury Claims include all such claims, whether: (i) in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity or admiralty, whether brought, threatened or pursued in any United States court or court anywhere in the world; (ii) seeking compensatory, special, economic, non-economic, punitive, exemplary, administrative or any other costs, fees, injunctive or similar relief or any other measure of damages; (iii) seeking any legal, equitable or other relief of any kind whatsoever, including in the nature of alter ego, veil piercing, successor or vicarious liability, mere continuation, fraudulent transfer or conveyance, or conspiracy and including, for the avoidance of doubt, any claims arising out of or relating to the presence of or exposure to talc or talc-containing products assertable against the Debtor or any other protected party; or (iv) held by claimants residing within the United States or in a foreign jurisdiction.  Talc Personal Injury Claims also include any such claims that have been resolved or are subject to resolution pursuant to any agreement, or any such claims that are based on a judgment or verdict.  Talc Personal Injury Claims do not include any claim by any present or former employee of a predecessor or affiliate of the Debtor for benefits under a policy of workers' compensation insurance or for benefits under any state or federal workers' compensation statute or other statute providing compensation to an employee from an employer.

subrogation, or indemnity, whether contractual or implied by law (as those terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative Talc Personal Injury Claim of any Corporation, co-defendant of the Debtor, or predecessor of the Debtor, whether in the nature of or sounding in contract, tort, warranty, or other theory of law;[3] and

(iii)    an "**Excluded Governmental Claim**" means any claim held by a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) that relates to an environmental or tax liability of the Debtor.

**6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED IN THIS ORDER AND THAT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE, ABSENT ORDER OF THE COURT TO THE CONTRARY, SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY IN THIS CHAPTER 11 CASE FROM THE DEBTOR, ITS ESTATE, OR ITS SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM, AND, UPON A CONFIRMED CHAPTER 11 REORGANIZATION PLAN IN THIS CASE BECOMING EFFECTIVE, SHALL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR, ITS ESTATE, OR ITS SUCCESSORS OR ASSIGNS; PROVIDED, HOWEVER, THAT A HOLDER OF A CLAIM SHALL BE ABLE TO ASSERT UPON ANY UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH HOLDER, IN THE AMOUNT SET FORTH IN THE SCHEDULES, AND RECEIVE DISTRIBUTIONS UNDER ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THIS CHAPTER 11 CASE ON ACCOUNT OF SUCH SCHEDULED CLAIM.

**7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Schedules. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

If you agree with the nature, amount, and status of your claim as identified in the Schedules, and your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a

---

[3] For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include any claim for or otherwise relating to death, injury, or damages caused by talc or a product or material containing talc that is asserted by or on behalf of any injured individual, the estate, legal counsel, relative, assignee, or other representative of any injured individual, or an individual who claims injury or damages as a result of the injury or death of another individual regardless of whether such claim is seeking compensatory, special, economic, non-economic, punitive, exemplary, administrative, or any other costs or damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement, judgment, or verdict. By way of illustration and not limitation, an Indirect Talc Personal Injury Claim shall not include any claim for loss of consortium, loss of companionship, services and society, or wrongful death.

proof of claim.  Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules and other information and documents regarding this Chapter 11 Case are available for inspection free of charge by visiting the website of the Debtor's Claims and Noticing Agent at http://cases.primeclerk.com/cyprusmines or by contacting the Claims and Noticing Agent using the contact information set forth in section 8 below.  The Schedules were filed at Docket No. 124.  Copies of the Schedules and other documents filed in this Chapter 11 Case also may be examined on the Court's website at https://www.deb.uscourts.gov/ or (if not closed by COVID-19) between the hours of 8:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Bankruptcy Court, 824 N. Market St., 3rd Floor, Wilmington, Delaware 19801.

## 8.    ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Claims and Noticing Agent restructuring hotline at:  (877) 329-2062 Toll Free (U.S. & Canada) or (347) 919-5763 (International), or by email at cyprusinfo@primeclerk.com with a reference to "Cyprus Mines Corporation" in the subject line.  The Claims and Noticing Agent cannot provide legal advice.

You also may contact the Claims and Noticing Agent by writing to:  Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING THIS NOTICE AND ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE, AND THE EFFECTS OF FILING, A PROOF OF CLAIM.**

Dated:  [●], 2021
        Wilmington, Delaware

REED SMITH LLP

By:  _____
     Kurt F. Gwynne (No. 3951)
     Jason D. Angelo (No. 6009)
     1201 North Market Street, Suite 1500
     Wilmington, DE 19801-1163
     Telephone:  (302) 778-7500
     Facsimile:  (302) 778-7575
     E-mail:  kgwynne@reedsmith.com
     E-mail:  jangelo@reedsmith.com

     -and-

     Paul M. Singer (admitted *pro hac vice*)
     Luke A. Sizemore (admitted *pro hac vice*)
     Reed Smith Centre
     225 Fifth Avenue, Suite 1200
     Pittsburgh, PA 15222
     Telephone:  (412) 288-3131
     Facsimile:  (412) 288-3063
     E-mail:  psinger@reedsmith.com
     E-mail:  lsizemore@reedsmith.com

     *Counsel to Debtor and Debtor-in-Possession*

**EXHIBIT 2**

<u>Proof of Claim Form</u>

(Attached)

**United States Bankruptcy Court, District of Delaware**

| Debtor: |
| --- |
| Cyprus Mines Corporation (Case No. 21-10398(LSS)) |

## Modified Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of February 11, 2021, the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name | Name |
| Number    Street | Number    Street |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____      Filed on ___ / ___ / _____
                                                                                                                                          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **7. How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| **9. Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❑ Motor vehicle<br>❑ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>❑ Fixed<br>❑ Variable |
| **10. Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| **11. Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim, including any documentation identifying the particular invoices for such claim.** | $_____ |

## Part 3:  Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>　　　　　　　　　　MM / DD / YYYY<br><br><br>_____<br>Signature<br><br>**Name of the person who is completing and signing this claim:**<br><br>Name _____<br>　　　　First name　　　　Middle name　　　　Last name<br><br>Title _____<br><br>Company _____<br>　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address _____<br>　　　　Number　　　Street<br><br>_____<br>City　　　　　　　　State　　ZIP Code<br><br>Contact phone _____　Email _____ |

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                   12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/cyprusmines.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Cyprus Mines Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**