# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CYPRUS MINES CORPORATION,[1] | Case No. 21-10398 (LSS) |
| Debtor. | Re: **Docket No. 231** |

## ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF

Upon the *Debtor's Amended Motion for Entry of an Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Amended Motion");[2] filed by the above-captioned debtor (the "Debtor"); and the Court having reviewed the Amended Motion and the First Day Declaration; and having heard the statements of counsel at the hearing on the Amended Motion; and the Court finding that: (i) the Court has jurisdiction over the Debtor, its estate, property of the estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A); (iv) venue of the Amended Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Amended Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Amended Motion is in the best interests of the Debtor and its estate; and (vii) the legal and factual bases set

---

[1] The last four digits of the Debtor's taxpayer identification number are 0890. The Debtor's address is 333 N. Central Ave., Phoenix, AZ 85004.

[2] Capitalized terms used but not defined in this order have the meanings given in the Amended Motion.

forth in the Amended Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Amended Motion is **GRANTED** as set forth herein.

2. Except as otherwise provided herein, all Entities, including, without limitation, individuals, partnerships, Corporations (as defined in section 101(9) of the Bankruptcy Code), joint ventures, and trusts, that assert a claim against the Debtor that arose prior to the Petition Date, including unpaid 503(b)(9) Claims, shall file a written proof of such claim that substantially conforms to Official Form 410 or the form attached hereto as **Exhibit 2** (the "Proof of Claim Form") so as to be *actually received* by the Claims and Noticing Agent **on or before July 2, 2021, at 5:00 p.m. (Eastern Time)** (the "General Bar Date").

3. Except as otherwise provided herein, all Governmental Units that assert a claim against the Debtor that arose prior to the Petition Date shall file a written proof of such claim that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be *actually received* by the Claims and Noticing Agent **on or before August 10, 2021, at 5:00 p.m. (Eastern Time)**, which is one hundred eighty (180) days after the Petition Date (the "Governmental Bar Date").

4. Any Entity that holds a claim that arises from the rejection of an executory contract or unexpired lease of the Debtor shall, unless otherwise stated in the order authorizing such rejection, file a written proof of such claim based on such rejection that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be *actually received* by the Claims and Noticing Agent on or before the later of: (i) the General Bar Date; (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** after service on the affected claimants of notice of the entry of the order approving the rejection of the applicable executory contract or unexpired lease of the

Debtor; (iii) 5:00 p.m. (Eastern Time), on the date that is thirty (30) days after the effective date of such rejection, if rejected pursuant to any rejection procedures approved by order of the Court in this Chapter 11 Case; and (iv) any date that the Court may fix in the applicable order approving such rejection (any such date, the "Rejection Damages Bar Date").

5. If the Debtor amends or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any amendment or supplement to holders of claims affected thereby, such holders shall file proofs of claim (if any), solely with respect to such claims that substantially conforms to Official Form 410 or the Proof of Claim Form so as to be *actually received* by the Claims and Noticing Agent by the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable; and (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** from the date the notice of the filing, amendment, or supplement is given to the affected claimholder (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

6. Notwithstanding the foregoing, the following Entities *are not* required to file a proof of claim on or before the applicable Bar Date:

   a. *any holder of a Talc Personal Injury Claim;*

   b. *any holder of an Excluded Governmental Claim;*

   c. any Entity whose claim is listed in the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

   d. any holder of a claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

   e. any Entity that is a direct or indirect equity owner of the Debtor;

f.  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

g.  any Entity holding a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Debtor's Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410.

7. For the avoidance of doubt, holders of Talc Personal Injury Claims and Excluded Governmental Claims are **not** required to, and should **not**, file a proof of claim in this Chapter 11 Case.

8. For the avoidance of doubt, the future claimants' representative is not required to file a proof of claim on behalf of holders of future Talc Personal Injury Claims or otherwise.

9. To be filed properly pursuant to this Order, each proof of claim shall: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) be denominated in United States currency; (iv) conform substantially with Official Form 410 or the Proof of Claim Form; and (v) include supporting documentation, *as required by Bankruptcy Rule 3001(c)*. If supporting documentation is voluminous, a summary of such documentation may be provided instead. If supporting documentation is unavailable, an explanation as to why such documentation is not available must be provided. 

10. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted.

11. Parties who wish to receive proof of receipt of their proof of claim from the Claims and Noticing Agent must include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

12. Each proof of claim, including ~~any~~ supporting documentation, must be submitted so that the Claims and Noticing Agent *actually receives* the proof of claim on or before the applicable Bar Date by courier service, hand delivery, or United States first-class mail, at the following address: Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or electronically using the interface available on the Claims and Noticing Agent's website at http://cases.primeclerk.com/cyprusmines. Proofs of claim sent by facsimile, telecopy, or electronic mail will *not* be accepted and will *not* be deemed filed. 

13. Any Entity that is required to file a timely proof of claim in the form and manner specified in this Order and that fails to do so on or before the applicable Bar Date, ~~absent order of the Court to the contrary,~~ shall not be treated as a creditor with respect to such claim for purposes of voting and distribution. ~~receive or be entitled to receive any payment or distribution of property in this Chapter 11 Case from the Debtor, its estate, or its successors or assigns with respect to such claim, and, upon a confirmed chapter 11 reorganization plan in this case becoming effective, shall be forever barred from asserting such claim against the Debtor, its estate, or its successors or assigns; provided, however, that a holder of a claim shall be able to assert any undisputed, noncontingent and liquidated claims identified in the Schedules on behalf of such holder, in the amount set forth in the Schedules, and receive distributions under any plan of reorganization or liquidation in this Chapter 11 Case on account of such scheduled claim.~~

14. The form of the Proposed Bar Date Notice attached to this Order as **Exhibit 1** and the procedures set forth therein are approved. Notice of the entry of this Order pursuant to the Proposed Bar Date Notice constitutes good, adequate, and sufficient notice if it is served, together with a Proof of Claim Form and the Proposed Bar Date Notice (collectively, the "Bar Date Package"), by being deposited in the U.S. Mail, first-class postage prepaid, not more than seven (7) business days after the entry of this Order on: (i) all holders of claims listed in the Schedules,

including holders of claims listed as contingent, unliquidated, or disputed, but excluding holders of Talc Personal Injury Claims and Excluded Governmental Claims; (ii) all counterparties to executory contracts and unexpired leases listed in the Schedules; (iii) the United States Attorney for the District of Delaware; (iv) all Entities that have requested notices pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case as of the date of entry of the Bar Date Order; (v) all known holders of equity securities in the Debtor as of the date of the Bar Date Order; (vi) all other Entities listed on the Debtor's matrix of creditors, excluding holders of Talc Personal Injury Claims and Excluded Governmental Claims; (vii) all parties that have filed proofs of claim in this Chapter 11 Case prior to entry of the Bar Date Order; (viii) any regulatory Entities that, to the Debtor's knowledge, regulate any portion of the Debtor's business, excluding holders of Excluded Governmental Claims; (ix) all parties to litigation with the Debtor or their counsel (if known), excluding holders of Talc Personal Injury Claims; (x) all current employees of the Debtor (if any), and all former employees who left the Debtor's employ within the two years prior to the Petition Date (if any), and whose addresses are known by the Debtor; and/or (xi) counsel to any of the foregoing, if known to the Debtor. 

15. For informational purposes only, the Debtor, through the Claims and Noticing Agent, also shall serve the Bar Date Notice (without a Proof of Claim Form) by U.S. first-class mail, postage prepaid, not more than seven (7) business days after the entry of this Order, to (i) the United States Trustee, (ii) counsel to any official committee appointed in this Chapter 11 Case, including the Tort Claimants Committee, (iii) counsel to any future claimants' representative appointed in this Chapter 11 Case, (iv) the Internal Revenue Service, (v) all other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business, (vi) all environmental authorities listed in the Schedules or Statement of Financial Affairs, (vii) all known holders of Talc

Personal Injury Claims whose addresses are known to the Debtor and their counsel, and (viii) all known counsel to all known holders of Talc Personal Injury Claims.

16. After the initial mailing of the Bar Date Packages, the Debtor may, in its sole discretion, make supplemental mailings of notices or packages, including in the event that: (i) notices are returned by the post office with forwarding addresses; (ii) certain parties acting on behalf of parties-in-interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor or its Claims and Noticing Agent for direct mailing; and (iii) additional potential claimants become known as a result of the Bar Date mailing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to thirty (30) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

17. Nothing in this Order shall prejudice the right, if any, of the Debtor or any party-in-interest to dispute, or to assert offsets or defenses to, any claim or interest reflected in the Schedules as to amount, liability, classification, or otherwise and to subsequently designate any claim as disputed, contingent, or unliquidated.

18. Nothing in this Order shall prejudice the Debtor from seeking to move the Court at a later time to establish a bar date for all or certain Talc Personal Injury Claims (including Indirect Talc Personal Injury Claims) or Excluded Governmental Claims.

19. The Debtor and its Claims and Noticing Agent are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by Order.

20. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

21. Debtors shall conform all attached exhibits to the changes made in this Order.

*(signature)*
LAURIE SELBER SILVERSTEIN
**UNITED STATES BANKRUPTCY** JUDGE

Dated: May 3, 2021
Wilmington, Delaware

- 8 -