# EXHIBIT 1

<u>Proposed Bar Date Notice</u>

(Attached)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| CYPRUS MINES CORPORATION, | Case No. 21-10398 (LSS) |
| Debtor. | |

### NOTICE TO CREDITORS OF DEADLINES FOR FILING PROOFS OF CLAIM

On February 11, 2021 (the "Petition Date"), Cyprus Mines Corporation, the debtor and debtor-in-possession (the "Debtor"), in the above-captioned chapter 11 case (this "Chapter 11 Case"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [●], 2021, the Court entered the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [D.I. [●]] (the "Bar Date Order"), establishing certain deadlines for the filing of proofs of claim (collectively, the "Bar Dates") in this Chapter 11 Case.

Contact information for the Debtor's claims and noticing agent, Prime Clerk LLC (the "Claims and Noticing Agent"), which is available to provide you with additional information regarding this Chapter 11 Case and the filing of a proof of claim, is provided in section 8 below.

**1.    BAR DATES**

Except for the types of claims listed in section 5 below, pursuant to the Bar Date Order, the Court established (i) **5:00 p.m. (Eastern Time) on July 2, 2021** (the "General Bar Date") as the general deadline for non-governmental entities (including individuals, partnerships, Corporations (as defined in section 101(9) of the Bankruptcy Code), joint ventures, and trusts) and (ii) **5:00 p.m. (Eastern Time) on August 10, 2021**, which is one hundred eighty (180) days after the Petition Date (the "Governmental Bar Date"), as the deadline for Governmental Units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in this Chapter 11 Case.

Additionally, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease of the Debtor, unless otherwise stated in the order authorizing such rejection, is required by the Bar Date Order to file a proof of claim based on such rejection on or before the later of: (i) the General Bar Date; (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** after service on the affected claimant of notice of the entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtor; (iii) 5:00 p.m. (Eastern Time), on the date that is thirty (30) days after the effective date of such rejection, if rejected pursuant to any rejection procedures approved by order of the Court in this Chapter 11 Case; and (iv) any date that the Court may fix in the applicable order approving such rejection (any such date, the "Rejection Damages Bar Date").

Furthermore, any person or entity asserting claims against the Debtor's estate that are affected by an amendment or supplement to the Debtor's schedules of assets and liabilities and statement of financial affairs filed in this Chapter 11 Case (collectively, the "Schedules") is required by the Bar Date Order to file proofs of claim with respect to such claims before the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) **5:00 p.m. (Eastern Time), on the date that is thirty (30) days** from the date on which the Debtor provides notice to the affected claimholder of such amendment or supplement (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates").

### 2.    WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, including any claims arising under section 503(b)(9) of the Bankruptcy Code,[1] you **MUST** file a proof of claim. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain, or did not mature or become fixed, liquidated, or certain before the Petition Date. Except for holders of claims described in section 5 below, the following entities must file proofs of claim on or before the applicable Bar Date: (a) any person or entity (i) whose prepetition claim against the Debtor is not listed in the Schedules, or is listed in the Schedules as "disputed," "contingent," or "unliquidated" and (ii) that desires to participate or share in any distribution in this Chapter 11 Case; and (b) any person or entity that (i) believes that its prepetition claim is improperly classified in the Schedules *or* is listed in an incorrect amount or incorrect priority and (ii) desires to have its claim allowed in a classification or amount or priority other than that identified in the Schedules.

### 3.    WHAT TO FILE

The Debtor is enclosing with this notice a customized proof of claim form (the "Proof of Claim Form") for use in this Chapter 11 Case. Alternatively, you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form 410. If your claim is scheduled by the Debtor, the attached Proof of Claim Form also identifies on its face the amount of your claim, if any, identified in the Schedules. To the extent you disagree with the amount identified in the attached Proof of Claim Form, you may cross out such amount and insert your asserted amount. You will receive a different Proof of Claim Form for each claim the Debtor scheduled in your name. You may utilize the Proof of Claim Form(s) provided by the Debtor to file your claim. Additional proof of claim forms may be obtained, free of charge, by contacting the Claims and Noticing Agent or at the following website: http://www.uscourts.gov/bkforms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof

---

[1] A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtor within 20 days before the Petition Date, provided that the goods were sold to the Debtor in the ordinary course of business.

of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

### 4. WHEN AND WHERE TO FILE

All proofs of claim must be **actually received on or before the applicable Bar Date** by the Claims and Noticing Agent at the following address: Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or electronically using the interface available on the Claims and Noticing Agent's website at http://cases.primeclerk.com/cyprusmines.

Proofs of claim will be deemed filed only when **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile, telecopy, or electronic mail transmission.** Any facsimile, telecopy, or electronic mail submission will not be accepted and will not be deemed filed.

Any claimant who wishes to receive proof of receipt of their proof of claim from the Claims and Noticing Agent must include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

### 5. WHO *NEED NOT* FILE A PROOF OF CLAIM

The following entities, whose claims otherwise would be subject to the Bar Dates, need **not** file proofs of claim:

a. *any holder of a Talc Personal Injury Claim (as defined below)*;

b. *any holder of an Excluded Governmental Claim (as defined below)*;

c. any person or entity whose claim is listed in the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

d. any holder of a claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

e. any Entity that is a direct or indirect equity owner of the Debtor;

f. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

g. any entity holding a claim against the Debtor for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410.

For purposes of the Bar Date Order and this notice:

(i) a "**Talc Personal Injury Claim**" is any claim and any future claim or Demand (as defined in section 524(g) of the Bankruptcy Code) against the Debtor or any other protected party, whether known or unknown, including with respect to any manner of alleged bodily injury, death, sickness, disease or alleged disease process, emotional distress, fear of cancer, medical monitoring, or any other alleged injuries or harms (whether physical, emotional or otherwise and whether or not diagnosable or manifested before confirmation of a plan of reorganization or the close of this Chapter 11 Case), directly or indirectly arising out of or relating to the presence of or exposure to talc or talc-containing products in connection with the alleged pre-effective date acts or omissions of the Debtor or any other entity for whose conduct the Debtor has or is alleged to have liability, including, without limitation any claims directly or indirectly arising out of or relating to: (i) any products previously mined, processed, manufactured, sold and/or distributed by the Debtor or any other entity for whose conduct the Debtor has or is alleged to have liability; (ii) any materials present at any premises owned, leased, occupied or operated by any entity for whose products, acts, omissions, business or operations the Debtor has, or is alleged to have, liability; or (iii) any talc in any way connected to the Debtor alleged to contain asbestos or other constituent.[2] *For the avoidance of doubt, the term "Talc Personal Injury Claim" includes, without limitation, Indirect Talc Personal Injury Claims (as defined below)*;

(ii) an "**Indirect Talc Personal Injury Claim**" is a Talc Personal Injury Claim of any Corporation (as defined in section 101(9) of the Bankruptcy Code), co-defendant of the Debtor, or predecessor of the Debtor for contribution, reimbursement,

---

[2] Talc Personal Injury Claims include all such claims, whether: (i) in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity or admiralty, whether brought, threatened or pursued in any United States court or court anywhere in the world; (ii) seeking compensatory, special, economic, non-economic, punitive, exemplary, administrative or any other costs, fees, injunctive or similar relief or any other measure of damages; (iii) seeking any legal, equitable or other relief of any kind whatsoever, including in the nature of alter ego, veil piercing, successor or vicarious liability, mere continuation, fraudulent transfer or conveyance, or conspiracy and including, for the avoidance of doubt, any claims arising out of or relating to the presence of or exposure to talc or talc-containing products assertable against the Debtor or any other protected party; or (iv) held by claimants residing within the United States or in a foreign jurisdiction. Talc Personal Injury Claims also include any such claims that have been resolved or are subject to resolution pursuant to any agreement, or any such claims that are based on a judgment or verdict. Talc Personal Injury Claims do not include any claim by any present or former employee of a predecessor or affiliate of the Debtor for benefits under a policy of workers' compensation insurance or for benefits under any state or federal workers' compensation statute or other statute providing compensation to an employee from an employer.

subrogation, or indemnity, whether contractual or implied by law (as those terms are defined by applicable non-bankruptcy law of the relevant jurisdiction), and any other derivative Talc Personal Injury Claim of any Corporation, co-defendant of the Debtor, or predecessor of the Debtor, whether in the nature of or sounding in contract, tort, warranty, or other theory of law;[3] and

(iii)  an "**Excluded Governmental Claim**" means any claim held by a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) that relates to an environmental or tax liability of the Debtor.

## 6.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY ENTITY THAT IS REQUIRED TO FILE A TIMELY PROOF OF CLAIM IN THE FORM AND MANNER SPECIFIED IN THIS ORDER AND THAT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE, ABSENT ORDER OF THE COURT TO THE CONTRARY, SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY IN THIS CHAPTER 11 CASE FROM THE DEBTOR, ITS ESTATE, OR ITS SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM, AND, UPON A CONFIRMED CHAPTER 11 REORGANIZATION PLAN IN THIS CASE BECOMING EFFECTIVE, SHALL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR, ITS ESTATE, OR ITS SUCCESSORS OR ASSIGNS; PROVIDED, HOWEVER, THAT A HOLDER OF A CLAIM SHALL BE ABLE TO ASSERT UPON ANY UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIMS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH HOLDER, IN THE AMOUNT SET FORTH IN THE SCHEDULES, AND RECEIVE DISTRIBUTIONS UNDER ANY PLAN OF REORGANIZATION OR LIQUIDATION IN THIS CHAPTER 11 CASE ON ACCOUNT OF SUCH SCHEDULED CLAIM.

## 7.   THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Schedules. If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

If you agree with the nature, amount, and status of your claim as identified in the Schedules, and your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a

---

[3] For the avoidance of doubt, an Indirect Talc Personal Injury Claim shall not include any claim for or otherwise relating to death, injury, or damages caused by talc or a product or material containing talc that is asserted by or on behalf of any injured individual, the estate, legal counsel, relative, assignee, or other representative of any injured individual, or an individual who claims injury or damages as a result of the injury or death of another individual regardless of whether such claim is seeking compensatory, special, economic, non-economic, punitive, exemplary, administrative, or any other costs or damages, or any legal, equitable or other relief whatsoever, including pursuant to a settlement, judgment, or verdict. By way of illustration and not limitation, an Indirect Talc Personal Injury Claim shall not include any claim for loss of consortium, loss of companionship, services and society, or wrongful death.

proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules and other information and documents regarding this Chapter 11 Case are available for inspection free of charge by visiting the website of the Debtor's Claims and Noticing Agent at http://cases.primeclerk.com/cyprusmines or by contacting the Claims and Noticing Agent using the contact information set forth in section 8 below. The Schedules were filed at Docket No. 124. Copies of the Schedules and other documents filed in this Chapter 11 Case also may be examined on the Court's website at https://www.deb.uscourts.gov/ or (if not closed by COVID-19) between the hours of 8:00 a.m. and 4:00 p.m. (Eastern Time), Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Bankruptcy Court, 824 N. Market St., 3rd Floor, Wilmington, Delaware 19801.

## 8. ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Claims and Noticing Agent restructuring hotline at: (877) 329-2062 Toll Free (U.S. & Canada) or (347) 919-5763 (International), or by email at cyprusinfo@primeclerk.com with a reference to "Cyprus Mines Corporation" in the subject line. The Claims and Noticing Agent cannot provide legal advice.

You also may contact the Claims and Noticing Agent by writing to: Cyprus Mines Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING THIS NOTICE AND ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE, AND THE EFFECTS OF FILING, A PROOF OF CLAIM.**

Dated: [●], 2021
      Wilmington, Delaware

REED SMITH LLP

By: _____
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
1201 North Market Street, Suite 1500
Wilmington, DE 19801-1163
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: jangelo@reedsmith.com

-and-

Paul M. Singer (admitted *pro hac vice*)
Luke A. Sizemore (admitted *pro hac vice*)
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
E-mail: psinger@reedsmith.com
E-mail: lsizemore@reedsmith.com

*Counsel to Debtor and Debtor-in-Possession*